UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

SAMMY RUSSELL,                          )
                                        )
            Plaintiff,                   )
                                        )
v.                                      )        No.:   3:21-CV-079-TAV-HBG
                                        )
HANCOCK COUNTY                          )
SHERIFF'S DEPARTMENT,                   )
SHERIFF BRAD BREWER,                    )
CHIEF JAILER/NURSE BETH MARTIN,         )
 OFFICER COLE SETSOR,                   )
OFFICER ZACKERY THORNEY,                )
CHIEF JAILOR SABRA, and                 )
OFFICER ROXIE,                          )
                                        )
            Defendants.                  )

## ORDER

Plaintiff, a current prisoner of the Tennessee Department of Correction ("TDOC")
and former prisoner of the Hancock County Jail, has filed a pro se complaint alleging
violations of U.S.C. § 1983 [Doc. 2], a motion for leave to proceed *in forma pauperis*
[Doc. 1], and a motion for extension of time to amend his complaint [Doc. 4].  For the
reasons set forth below, both Plaintiff's motion for leave to proceed *in forma pauperis*
[Doc. 1] and motion for extension of time to amend his complaint [Doc. 4] will be
**GRANTED**, and Plaintiff will have thirty (30) days from the date of entry of this order to
file an amended complaint.

## I.      FILING FEE

As Plaintiff's motion for leave to proceed *in forma pauperis* establishes that he is
unable to pay the filing fee, that motion [Doc. 1] will be **GRANTED**.

Because Plaintiff is a TDOC inmate, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Knoxville, Tennessee 37902, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, the Attorney General of the State of Tennessee, and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.    MOTION FOR EXTENSION

In his motion for extension of time to amend his complaint, Plaintiff states that he completed his § 1983 complaint form while incarcerated in his former facility, where he

did not have access to legal assistance, and now wishes to amend his complaint with the assistance of various legal resources available to him at his new facility [Doc. 4].

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of course within twenty-one days after service, or twenty-one days after service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may only amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)(B). In deciding whether to grant leave to amend a pleading, a district court may consider the following: (1) undue delay in filing; (2) lack of notice to the opposing party; (3) bad faith by the moving party; (4) failure to cure deficiencies by previous amendments; (5) undue prejudice to the opposing party; and (6) futility of amendment. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Plaintiff's complaint has not yet been served on Defendants, and thus Plaintiff is not within the relevant time periods in which he could amend his complaint as a matter of course. However, for good cause shown therein, Plaintiff's motion [*Id.*] will be **GRANTED** to the extent that Plaintiff shall have thirty (30) days from the date of entry of this order to file an amended complaint.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

3

2.     Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.     The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4.     The Clerk is **DIRECTED** to provide a copy of this memorandum and opinion and the accompany order to the custodian of inmate accounts at the institution where Plaintiff is now confined, the Attorney General of the State of Tennessee and the Court's financial deputy;

5.     Plaintiff's motion to amend his complaint [Doc. 4] is **GRANTED** and Plaintiff has thirty (30) days from the date of entry of this order to file an amended complaint; and

6.     Plaintiff is **NOTIFIED** that if he fails to timely comply with this order by filing an amended complaint, this action will be **DISMISSED** for want of prosecution and failure to comply with Court orders pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

4