# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

SAMMY RUSSELL,                          )
                                        )
        Plaintiff,              )
                                        )
v.                                      )          No.:   3:21-CV-79-TAV-HBG
                                        )
HANCOCK COUNTY                          )
SHERIFF'S DEPARTMENT,                   )
BRAD BREWER,                            )
BETH MARTIN,                            )
COLE SETSOR,                            )
ZACKERY THORNEY,                        )
SABRA LAWSON, and                       )
ROXIE FERGUSON,                         )
                                        )
        Defendants.             )

## <u>MEMORANDUM OPINION</u>

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. On December 17, 2021, the Court entered an order taking judicial notice that the Tennessee Department of Correction had released Plaintiff from its custody more than two weeks before the date of entry of that order, but Plaintiff had not filed a notice of change of address in this action despite the Court twice notifying him of the requirement that he do so within fourteen (14) days of any address change [Doc. 25 p. 1–2]. The Court therefore directed the Clerk to send that order to both addresses in Plaintiff's original complaint and provided Plaintiff ten days from the date of entry of the order to show good cause for why the Court should not dismiss this case due to his failure to prosecute and/or comply with Court orders and notified Plaintiff that if he failed to timely comply, the Court would dismiss this action

without further notice [*Id.* at 2]. More than twenty-one days have passed, and Plaintiff has not responded to this order or otherwise communicated with the Court. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with the Court's previous order is due to Plaintiff's willfulness or fault. Specifically, as the United States Postal Service did not return the Court's mail to Plaintiff containing its previous order from either of Plaintiff's addresses, it appears that Plaintiff may have received the Court's previous order but chose not to comply. But even if the Court assumes that Plaintiff did not receive the Court's previous order due to a change of address, this is also due to his willfulness or fault, as the record establishes that he failed to update the Court as to this address change within fourteen (14) days despite the Court twice notifying him of the requirement that he do so. As to the second factor, the Court finds that Plaintiff's

2

failure to comply with the Court's order has not prejudiced Defendants at this time but notes that neither Defendants nor the Court can communicate with Plaintiff without his current address. As to the third factor, as noted above, the Court's previous order warned Plaintiff that failure to timely comply would result in dismissal of this action without further notice [Doc. 25 p. 2]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff was proceeding *in forma pauperis* herein and has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3